IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD COVINGTON,**

    **Plaintiff,**

**v.**                Civil Action No. 2:10cv110
                      (Judge Bailey)

**WEXFORD HEALTH SOURCES**
**AND DR. DAVID PROCTOR,**

    **Defendants.**

## REPORT AND RECOMMENDATION

  The *pro se* plaintiff initiated this case on September 17, 2010, by filing a civil rights complaint and a Motion for Preliminary Injunction. Shortly thereafter, he was granted permission to proceed as a pauper, assessed the full $350 filing fee, and directed to pay an initial partial filing fee of $9.83. The plaintiff paid his initial partial fee on December 8, 2010. This case is therefore before the Court for a preliminary review pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 2.

### I. Plaintiffs' Contentions

**A. The Complaint**

  In the complaint, the plaintiff asserts that in late October or early November of 2009, he began experiencing severe pain, swelling, numbness and burning in his scrotum and testicles. He initially contributed these symptoms to a weightlifting injury and sought medical treatment at the Huttonsville Correctional Center. The plaintiff was seen by Dr. Proctor and was diagnosed with an infection called Epididymitis. Although the plaintiff was prescribed an antibiotic, he asserts that the

antibiotic neither eradicated his infection nor relieved his symptoms. Thus, he later returned to the medical department for further treatment.

At his follow-up visit, the plaintiff was allegedly told that by a nurse that an MRI was required to properly diagnose Epididymitis. Therefore, the plaintiff made a request for an MRI or ultrasound. Those requests were denied. In fact, the plaintiff asserts that he has been denied any further other treatment for his condition. More specifically, he alleges that the last time he received any medication was in April of 2010, even though he has made several written requests for treatment. The plaintiff also asserts that without proper treatment he is at risk for serious and long-term complications, including sterility. Moreover, he alleges that he now suffers from additional symptoms like severe abdominal pain.

**B.   The Plaintiff's Motion for Preliminary Injunction**

In his motion for injunctive relief, the plaintiff requests that the Court direct the defendants to make an outside medical provider available to evaluate and treat his medical condition. In support of his motion, the plaintiff asserts that he has been diagnosed with Epididymitis, that he suffers severe symptoms of that condition, and if not properly treated, he could suffer severe, long-term injuries. The plaintiff asserts that he has requested treatment numerous times to no avail. Thus, he alleges that he is at great risk of irreparable harm if the Court does not grant him the relief he seeks.

In his supporting memorandum, the plaintiff asserts that there is a likelihood that he will succeed on the merits of his claim, the defendants would not be harmed if an injunction is granted and that an injunction is in the public interest.

**II.   Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee,

2

the Court must review the amended complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

Although the plaintiff does not cite a jurisdictional basis for his claim, because he asserts that the defendants, state actors, have failed to provide him with proper medical treatment, the Court construes the plaintiff's claim as one of deliberate indifference to his serious medical needs under the Eighth Amendment of the United States Constitution. The proper mechanism for seeking the enforcement of a federal right against state actors is 42 U.S.C. § 1983. Section § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

---

[1] Id. at 327.

> United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).

### A. Wexford Health Sources

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983).

Like a jail, Wexford Health Sources is not a "person" for purposes of § 1983. Accordingly, Wexford Health Sources is not amenable to suit under § 1983 and should be dismissed.

### B. Dr. Proctor

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle

v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel

5

and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

Upon due consideration of the claims alleged in the complaint, the undersigned is of the opinion that the plaintiff's claim against Dr. Proctor should not be summarily dismissed at this time.

## C. Plaintiffs' Motion for Preliminary Injunction and Motion to Serve

The standard for granting injunctive relief in this circuit is set forth in Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir.2009). As articulated in Real Truth, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Id. at 346 (citations omitted).

In this case, the plaintiff has failed to establish that he is likely to succeed on the merits of his claim. In fact, from the complaint, it appears that the plaintiff may merely disagree with Dr. Proctor over the diagnosis of his condition and the prescribed course of treatment. If that is the case, the plaintiff's claim would fail to rise to the level of a constitutional violation. The exact nature of the plaintiff's diagnosis and treatment, however, is unclear at this time. Hence, the undersigned's recommendation that Dr. Proctor provide an answer to the allegations as stated in the complaint.

Additionally, the plaintiff's claim of irreparable harm is speculative at best. The plaintiff himself is not even convinced that he has been properly diagnosed. Thus, his claim that he will suffer irreparable harm from the long-term effects of Epididymitis is suspect. Under these circumstances, the plaintiff has not provided a sufficient basis for the Court grant the extraordinary remedy of injunctive relief. In light of this finding, the plaintiff's motion for service of his motion for preliminary injunction is moot.

### IV. Recommendation

For the reasons stated, the undersigned makes the following recommendations:

(1) the plaintiff's claim against Wexford Health Sources be **DISMISSED with prejudice** for the failure to state a claim for which relief may be granted;

(2) the plaintiff's claim against Dr. Proctor proceed, and that Dr. Proctor be **SERVED** process through the United States Marshal Service;

(3) the plaintiff's Motion for Preliminary Injunction (dckt. 5) and Motion for Service of Motion for Preliminary Injunction (dckt. 6) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 20, 2010.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE